```
                     UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF LOUISIANA


PATRICIA FORD STEPHENS                 *      CIVIL ACTION

versus                                 *      NO. 06-10480

ALLSTATE INSURANCE COMPANY,            *      SECTION "F"
FRANK CAPELLA, and
XYZ INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged Patricia Ford Stephens' house. She purchased insurance from Allstate through insurance agent, Frank Capella. After the storm, she filed a flood claim, which was paid in full, and a wind claim under her homeowners policy, which was only partially paid.

On August 29, 2006, Ms. Stephens sued Allstate and Capella in state court. She alleges that Capella breached his fiduciary duty by failing to procure the insurance she requested and failing to raise her policy limits to adequately cover her property. She further alleges that Allstate acted arbitrarily and capriciously in failing to timely adjust her claim and that Allstate wrongfully relied on a "concurrent causation" clause in denying her full coverage under her homeowners policy.

1

The defendants were served on October 19 and 20, respectively. Allstate removed the suit to this Court on November 20, 2006, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Ms. Stephens is a Louisiana citizen. So is Capella. Allstate is a citizen of Illinois. Allstate says that the Court should disregard Capella's Louisiana citizenship in the diversity jurisdiction calculus because Ms. Stephens improperly joined Capella to defeat the Court's federal subject matter jurisdiction. Ms. Stephens now moves to remand the suit back to the 34th Judicial District for the Parish of St. Bernard.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, Stephens accuses Allstate of bad faith in its failure to pay damages under her homeowner's policy.  She alleges that Capella failed to procure the full amount of coverage she requested and failed to raise.  Allstate contends that the plaintiff improperly joined Capella to deprive this Court of diversity jurisdiction: Allstate says that the plaintiff has no possibility of recovery from Capella under Louisiana law because any claims against Capella are perempted.

The Court finds that the Allstate has failed to discharge its heavy burden to prove that Capella was improperly joined.  The record is not clear regarding the timing of, and the circumstances surrounding, the insurance policy's issuance and renewal and when and if Ms. Stephens received a copy of her homeowners policy and its renewals, including the renewal in June 2005.  Allstate relies on Frank Capella's affidavit, stating that Ms. Stephens' homeowners policy was renewed each year since 1991 and that "[n]o material changes were requested by Stephens or made to the policy since 1991."  Mr. Capella further states that he "never undertook to 'at all times keep her property fully insured.'"  This affidavit is the only evidence in the record.  This is insufficient to permit a determination that Allstate has carried its heavy burden to show that Ms. Stephens' claim against Capella is perempted.

Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Allstate has not met its burden in proving that Ms. Stephens has no possibility of recovery against Capella under Louisiana state law.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the 34th Judicial District for the Parish of St. Bernard.

New Orleans, Louisiana, February 6, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4